UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VICTORIA GRACE ) | | Civil Action |
|     Plaintiff ) | | Case No.: 2:19-cv-0055 |
| ) | | |
| versus ) | | Section "E" |
| ) | | Judge Morgan |
| PROGRESSIVE CASUALTY ) | | |
| INSURANCE COMPANY, *et al.* ) | | Magistrate Section "5" |
|     Defendants ) | | Magistrate Judge North |

# MEMORANDUM IN SUPPORT OF
# MOTION TO REMAND

NOW COMES, through undersigned counsel, plaintiff, Victoria Grace, who respectfully submits this memorandum in support of her motion to remand.

**1.  Background.**

On September 12, 2017, Ms. Grace was riding her bicycle proceeding northbound on Broadway Street in New Orleans, Louisiana.[1] Defendant, Michael Portuondo, was operating a 2017 Mercedes GLE350 and was parked on the shoulder of northbound Broadway Street in New Orleans, Louisiana.[2] As Ms. Grace approached his vehicle, Mr. Portuondo suddenly opened his driver's side door striking Ms. Grace, causing her to fall off of her bicycle.[3] As a result of the impact and fall, Ms. Grace sustained serious physical injuries to her head, legs, upper extremities, and spine; Ms. Grace also suffered mental injuries.[4]

Due to the severity of her injuries, Ms. Grace was taken from the incident scene by New Orleans EMS to Ochsner Baptist Hospital.[5] Ms. Grace was treated at Ochsner Baptist Hospital

---

[1] Exhibit 1 ¶4 (Declaration of Victoria Grace); R.Doc. 1-2 ¶6 (Petition for Damages).
[2] Exhibit 1 ¶¶4-5; Petition ¶6.
[3] Exhibit 1 ¶¶4-5; Petition ¶6.
[4] Exhibit 1 ¶6; Petition ¶6.
[5] Exhibit 1 ¶7.

for head and cervical trauma and her leg laceration, and eventually released.[6] Since that time Ms. Grace has suffered from persistent migraine headaches, for which she has treated with a neurologist and has been prescribed medication.[7] Ms. Grace's migraine headaches are painful and at times debilitating; Ms. Grace's treating neurologist has told her that her migraines are likely permanent.[8] Ms. Grace has also received a course of physical therapy for cervical pain, and she has a pronounced scar on her lower right leg from the impact laceration.[9] Ms. Grace is currently a full-time student at Tulane University Law School in the joint J.D./M.B.A. program, and her persistent migraine headaches have affected her ability to focus and concentrate, and she has obvious and serious concerns about her future mental health and her future professional career.[10]

Mr. Portuondo was insured by defendant, Progressive Casualty Insurance Company.[11] After this incident, Ms. Grace was contacted by several Progressive claims adjusters, including Kristin Harrison Gauthier.[12] Ms. Grace provided a telephone statement to Progressive and detailed the nature and details of the incident and her resulting injuries.[13] Ms. Grace also corresponded by email with Progressive, provided Progressive with signed authorization forms for Progressive to obtain copies of her medical and billing records, and even provided Progressive with a 68 page "Patient Health Summary" that she obtained from Ochsner detailing her course of medical treatment through May 29, 2018.[14]

---

[6] Exhibit 1 ¶7.
[7] Exhibit 1 ¶¶8-9.
[8] Exhibit 1 ¶9.
[9] Exhibit 1 ¶10.
[10] Exhibit 1 ¶¶3, 9.
[11] Petition ¶2.
[12] Exhibit 1 ¶12; Exhibit 1-A (Emails between Ms. Grace and Progressive).
[13] Exhibit 1 ¶12.
[14] Exhibit 1 ¶12; Exhibit 1-A.

Ms. Grace eventually retained undersigned counsel. On August 8, 2018, undersigned counsel forwarded a settlement demand to Progressive offering to settle Ms. Grace's claims for the $100,000.00 limits of Mr. Portuondo's Progressive insurance policy:

> [I]n a sincere attempt to resolve this matter prior to filing suit, **I have been authorized to accept the full policy proceeds of $100,000.00 in full settlement of my client's claims against your client**, with a release of any and all personal excess liability above the limits of his insurance coverage. Any settlement would also be subject to execution of an affidavit of no additional insurance by your insured. **As you know, Ms. Grace was hospitalized and has been caused to suffer permanent migraines, requiring medication, as a result of the traumatic brain injury she sustained in this incident.**[15]

This settlement offer was based on Ms. Grace's injuries, hospitalization, and permanent migraines caused by an alleged traumatic brain injury.[16] This settlement offer was rejected by Progressive.

On September 6, 2018, Ms. Grace filed a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana, against Mr. Portuondo, Progressive, and Government Employees Insurance Company (GEICO).[17] GEICO is Ms. Grace's underinsured motorist insurance carrier, and she alleged the following claim against GEICO:

> [GEICO] had in force a policy of insurance providing automobile uninsured/underinsured insurance coverage for plaintiff, Victoria Grace. (Policy No. 4398102428). **GEICO is liable for all damages caused to Ms. Grace that exceed the coverage limits of Mr. Portuondo's automobile liability insurance coverage.**[18]

Mr. Portuondo was served with the Petition on September 14, 2018, GEICO was served through the Louisiana Secretary of State on September 14, 2018, and Progressive was served

---

[15] (Emphasis added) Exhibit 2 (August 9, 2018, correspondence from undersigned counsel to Progressive).
[16] *Id.*
[17] R.Doc. 1-2 (Petition for Damages).
[18] (Emphasis added) Petition ¶4.

through the Louisiana Secretary of State on September 17, 2018.[19] On November 19, 2018, Mr. Portuondo issued a "Request for Admission" to Ms. Grace requesting that she admit that her "total damages are not equal to or in excess of $75,000.00."[20] On December 6, 2018, Ms. Grace denied the Request for Admission.[21]

On January 4, 2019, Mr. Portuondo filed a Notice of Removal in this Court under diversity jurisdiction.[22] Mr. Portuondo alleged that the Notice was filed timely because it was filed within 30 days of the receipt of Ms. Grace's response to his Request for Admission – which it claims "first put defendant on notice that the amount in controversy exceeded $75,000.00."[23] Mr. Portuondo (through counsel for Progressive) and GEICO are also alleged to have consented to the removal.[24]

Ms. Grace now moves to remand this matter to the Civil District Court for the Parish of Orleans. As will be explained, the Notice of Removal was filed untimely because it was facially apparent from the Petition for Damages that the amount in controversy exceeded $75,000.00 and because of "summary judgment type evidence" that established Progressive's actual knowledge that the amount in controversy exceeded $75,000.00 at the time of removal and before.

**2.   Law & Argument.**

A notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant . . . whichever period is shorter. 28 U.S.C. § 1446(b)(1). "**If the case stated**

---

[19] R.Doc. 1 ¶¶4-6.
[20] R.Doc. 1-6.
[21] R.Doc. 1-6.
[22] R.Doc. 1.
[23] R.Doc. 1 ¶16.
[24] R.Doc. 1 ¶¶17-18.

4

**by the initial pleading is <u>not</u> removable**, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. (Emphasis added)." 28 U.S.C. § 1446(b)(3).

In *Raborn v. Con-Way Truckload, Inc.*, 2015 WL 6738599, *2 (E.D. La. 11/4/2015) (Morgan, J.), this Court set forth the applicable legal standards to assessing the amount in controversy for removal purposes:

> Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress. Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:
>
>> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> 'The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.' When removal is based on federal diversity jurisdiction, the removing party must show that (1) complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000.
>
> The Fifth Circuit has 'established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to 1332(a)(1)." Because Louisiana law prohibits state-court plaintiffs from claiming a specific amount of damages, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional amount at the time of removal. The removing defendant may meet its burden in one of two ways, either—(1) by demonstrating that it was 'facially apparent' from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold, or (2) by offering 'summary-judgment type evidence' of facts in controversy, which support a finding that the requisite amount was in controversy.

**(a)     Facially Apparent.**

In her Petition for Damages, Ms. Grace alleges that as a result of the incident she sustained serious physical injuries to her head, legs, upper extremities, and spine, and that she also suffered mental injuries.[25] Ms. Grace further alleges that she is seeking the following damages:

> Plaintiff brings an action for damages that includes, but is not limited to: (a) pain and suffering, past, present and future; (b) medical expenses, past, present and future; (c) lost wages and/or loss of earning capacity, past, present and future; (d) loss of enjoyment of life; (e) mental suffering, past, present and future; (f) scarring, disability and disfigurement; and (g) property damages.[26]

Considering almost identical allegations, in *Raborn v. Con-Way Truckload, Inc.*, this Court found that such allegations were sufficient to establish that the amount in controversy would likely exceed $75,000.00:

> In this case, it is facially apparent from Raborn's petition that the amount-in-controversy exceeds $75,000. In the petition, Raborn alleges that, as a result of the accident, she sustained 'severe and permanent personal injuries to her head, neck, back, wrist and other anatomy.' Raborn seeks damages for the following— (1) medical and related expenses (past and future); (2) mental and physical pain and suffering (past and future); (3) loss of enjoyment of life; (4) loss of wages (past and future); (5) disability; (6) out-of-pocket expenses; and (7) any other items to be proven at trial.
>
> The Court finds that these damages, if proven, would likely exceed $75,000. According to Raborn, the motor-vehicle accident was 'violent' and inflicted 'severe' and 'permanent' injuries to several parts of her body. Moreover, Raborn's prayer for damages is extensive and includes several different categories of damages. Courts in this circuit have consistently held that such prayers for damages—namely, those for past and future medical expenses, past and future lost wages, past and future pain and suffering, and past and future disability—are sufficient to infer the jurisdictional amount is satisfied.[27]

---

[25] Petition ¶6.
[26] Petition ¶9.
[27] (Citations omitted) *Raborn*, 2015 WL 6738599, at *2-3.

The Fifth Circuit and other courts within this Circuit have long found that allegations seeking damages for past and future medical expenses, past and future lost wages, past and future pain and suffering, and past and future disability are sufficient to infer that the jurisdictional amount is present. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (affirming the district court's decision to disregard the plaintiff's post-removal affidavit and stipulation for damages less than $75,000 because allegations of damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement supported a substantial monetary basis to confer removal jurisdiction); *Richey v. Wal–Mart Stores, Inc.*, 390 F. App'x. 375, 379 (5th Cir.2010) (*per curiam*) (finding the jurisdictional threshold satisfied where the plaintiff alleged damages for lost wages and benefits, loss of future earnings and benefits in the past, mental anguish in the past and future, prejudgment interest, court costs, and exemplary damages); *Tobin v. Laboratory Corp. of Am.*, 2015 WL 4478072, *3 (E.D.La. July 22, 2015) (Feldman, J.) (allegations that the plaintiff "sustained severe, painful, and permanently debilitating damages ... includ[ing] but ... not limited to: loss of physical capacity; past and future pain and suffering; keen mental anguish; emotional distress; embarrassment and humiliation; loss of the enjoyment of life, including the inability to live independently; past medical expenses; future medical expenses; past and future loss of wages; loss of earning capacity; loss of the chance to a better medical outcome; and any and all other damages as are reasonable in the premises" sufficient to establish that the amount in controversy exceeds $75,000.00); *Cooper v. Icon Health and Fitness, Inc.*, 2011 WL 2669455, at *3–4 (E.D.La. July 7, 2011) (Lemelle, J.) (allegations in petition that "Plaintiff seeks to recover: 'past, present, and future medical expenses; past, present, and future mental and physical pain and suffering; past, present, and

future loss of enjoyment of life; lost wages; and residual disability'" sufficient to establish that the amount in controversy exceeds $75,000.00); *James v. Home Depot USA, Inc.*, 2002 WL 1453824, at *2 (E.D.La. July 3, 2002) (Fallon, J.) (allegations in petition that the plaintiff "seeks damages for physical, emotional and mental pain and anguish, loss of enjoyment of life, disability, past and future wages, past and future medical treatment and expenses, and 'serious' physical injuries to the back and lower extremity" sufficient to establish that the amount in controversy exceeds $75,000.00).

The same result is called for here. In her Petition for Damages Ms. Grace has alleged that as a result of being thrown from her bicycle she suffered personal injuries to her head, legs, upper extremities, spine, and mental injuries.[28] Ms. Grace further alleges that she is seeking damages for (a) pain and suffering, past, present and future; (b) medical expenses, past, present and future; (c) lost wages and/or loss of earning capacity, past, present and future; (d) loss of enjoyment of life; (e) mental suffering, past, present and future; (f) scarring, disability and disfigurement; and (g) property damages.[29] All of these allegations alone have been repeatedly found sufficient to infer and establish that the jurisdictional amount is satisfied.

In addition, Ms. Grace has alleged a claim against her underinsured motorist carrier, GEICO, that it is "liable for all damages caused to Ms. Grace that exceed the coverage limits of Mr. Portuondo's automobile liability insurance coverage."[30] Considering this allegation that Ms. Grace is seeking damages that *exceed* the limits of Mr. Portuondo's insurance coverage (known to Mr. Portuondo to be $100,000.00 under his Progressive policy number), and considering her damage allegations, there can be no legitimate basis to suggest that Mr. Portuondo could not

---

[28] Petition ¶6.
[29] Petition ¶9.
[30] Petition ¶4.

know or could not infer from the face of the petition that the amount in controversy exceeded $75,000.00. Mr. Portuondo, therefore, should have filed his notice of removal within 30 days of receipt of service of the Petition for Damages. Because he failed to do so, the Notice of Removal is untimely and the motion to remand should be granted.

      **(b)**      **Summary-Judgment Type Evidence.**

In response to this Court's recent order,[31] Mr. Portuondo submitted a "Memorandum Discussing Evidence Supporting that the Amount in Controversy Exceeds $75,000.00."[32] In his Memorandum supporting that the amount in controversy exceeds $75,000.00, Mr. Portuondo cites to Ms. Grace's damage claims, the $100,000.00 limits of Mr. Portuondo's Progressive insurance coverage, Ms. Grace's medical expenses of $18,310.90 as of May 2018, <u>and</u> undersigned counsel's settlement demand for the $100,000.00 Progressive policy limits.[33]

For her part, Ms. Grace agrees that the evidence submitted by Mr. Portuondo establishes that the amount in controversy exceeds $75,000.00. Ms. Grace has also submitted a Declaration setting forth additional evidence establishing that the amount in controversy exceeds $75,000.00.[34] All of this evidence, however, was known to Mr. Portuondo at the time that he was served with the Petition for Damages *and before*. Therefore, Ms. Grace *and Mr. Portuondo* have submitted summary judgment type evidence establishing that the amount in controversy exceeds $75,000.00, and for the reasons explained above, provides further support for Ms. Grace's motion to remand.

---

[31] R.Doc. 4.
[32] R.Doc. 6.
[33] R.Doc. 6 at 2.
[34] Exhibit 1.

9

### 3. Conclusion.

For the foregoing reasons, plaintiff, Victoria Grace, respectfully requests that her motion be granted and this matter be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

Respectfully submitted,

___/s/ Joseph S. Piacun_____
JOSEPH S. PIACUN (25211)
REID S. UZEE (31345)
Gennusa, Piacun & Ruli
4405 North I-10 Service Road, Suite 200
Metairie, Louisiana 70006-6564
Telephone: (504) 455-0442
Facsimile: (504) 455-7565
Email: jpiacun@gprlawyers.com
**Attorneys for Plaintiff,
Victoria Grace**

Certificate of Service

I certify that on January 14, 2019, I served a copy of this *Memorandum in Support of Motion to Remand* on all counsel of record through the court's CM/ECF electronic filing system.

___/s/ Joseph S. Piacun_____