UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICTORIA GRACE,<br>　　Plaintiff | CIVIL ACTION |
| VERSUS | NO. 19-55 |
| PROGRESSIVE CASUALTY<br>INSURANCE COMPANY, ET AL.<br>　　Defendants | SECTION: "E"(5) |

## ORDER AND REASONS

Before the Court is Plaintiff Victoria Grace's motion to remand this case to state court.[1] Defendant Michael Portuondo opposes the motion.[2] For the reasons that follow, the motion is **DENIED**.

## BACKGROUND

According to the state court petition, on September 12, 2017, Plaintiff was riding a bicycle when Defendant Portuondo opened the door of his vehicle, striking her and causing her to fall of her bicycle.[3] She alleges she sustained injuries to her head, legs, upper extremities, and spine.[4]

According to the instant motion, on August 8, 2018, counsel for Plaintiff sent Defendant Progressive Casualty Insurance Company ("Progressive") a letter offering to settle Plaintiff's claims for $100,000, the limits of Portuondo's insurance policy.[5] Progressive rejected the settlement demand.[6] In his opposition to the instant motion,

---

[1] R. Doc. 7.
[2] R. Doc. 8.
[3] R. Doc. 1-2 at 2, ¶ 6.
[4] *Id.* at ¶ 7.
[5] R. Doc. 7-2 at 3. The letter is dated August 9, 2018. R. Doc. 6-3.
[6] *Id.*

Portuondo admits he was aware of the settlement demand and of Plaintiff's medical expenses prior to commencement of the instant suit.[7]

On September 6, 2018, Plaintiff filed a petition in the Civil District Court for the Parish of Orleans against Portuondo; Progressive, which was Portuondo's insurer; and Government Employees Insurance Company ("GEICO"), which was Plaintiff's insurer.[8] Portuondo was served on September 14, 2018.[9] Plaintiff and Portuondo agree Progressive was served on September 17, 2018.[10] Plaintiff represents GEICO was served on September 14, 2018,[11] and Portuondo represents GEICO was served on September 17, 2018.[12] This inconsistency is not material to the instant motion.

On November 30, 2018, Portuondo served on Plaintiff a request that she admit her total damages did not exceed $75,000.[13] On December 6, 2018, Plaintiff denied the request.[14]

On January 4, 2019, Defendant Michael Portuondo removed the case to this Court.[15] On January 14, 2019, Plaintiff filed the instant motion, arguing that the Notice of Removal was untimely because it was filed more than 30 days after the filing of her state court petition.[16] Defendant opposes, arguing his petition was timely because he was first put on notice the amount-in-controversy exceeded $75,000 by Plaintiff's denial of his

---

[7] R. Doc. 8 at 2.
[8] R. Doc. 1-2 at 1.
[9] R. Doc. 1-15, R. Doc. 1-18 at 10.
[10] R. Doc. 1 at 3, ¶ 6; R. Doc. 7-2 at 3–4.
[11] R. Doc. 7-2 at 3.
[12] R. Doc. 1 at 2, ¶ 4.
[13] R. Doc. 1-6. Plaintiff represents in the instant motion that the request for admission was propounded on November 19, 2018, R. Doc. 7-2, but the request for admission is dated November 30, 2018, R. Doc. 1-6, and Portuondo agrees he propounded the request on November 30, 2018, R. Doc. 1 at 5, ¶ 15. This inconsistency is not material to this order.
[14] R. Doc. 1-6.
[15] R. Doc. 1.
[16] R. Doc. 7.

request for admission on December 6, 2018, less than 30 days before he filed the Notice of Removal.[17]

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[18] Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by [an] Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[19]

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[20]

28 U.S.C. § 1446 governs the procedure for removal. It provides the following time limits for filing notices of removal:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based
> . . .
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.[21]

---

[17] R. Doc. 8.
[18] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[19] 28 U.S.C. § 1441(a).
[20] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[21] 28 U.S.C. §§ 1446(b)(1), (3).

## ANALYSIS

In the instant motion, Plaintiff argues that, because Portuondo knew of her $100,000 settlement demand and her medical expenses prior to the filing of her suit, the filing of the state court petition was enough to make it apparent the case was removable. In *Chapman v. Powermatic, Inc.*, the Fifth Circuit addressed the issue of whether a settlement demand and medical bills provided to a defendant prior to the filing of suit can serve as an "other paper" that makes it ascertainable a case is removable.[22] The Fifth Circuit explained:

> § 1446(b) requires that the defendant remove the case, if at all, within 30 days after receipt of an "other paper" from which the defendant may first ascertain that the case is removable. Logic dictates that a defendant can "first" ascertain whether a case is removable from an "other paper" only after receipt of both the initial pleading and that "other paper"; and therefore the thirty-day time period begins to run, not from the receipt of the initial pleading, but rather from the receipt of the "other paper" revealing that the case is removable. . . . By its plain terms the statute requires that if an "other paper" is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the "other paper" only after it receives the initial pleading.[23]

As a result, the Court does not consider the receipt of the settlement demand of August 8, 2018 or any other knowledge Portuondo may have had prior to the filing of the instant suit on September 6, 2018.

Plaintiff argues it is facially apparent from her petition that the amount in controversy exceeds $75,000, based on the damages she seeks.[24] She also argues that, because the state court petition names her insurer GEICO as a Defendant "liable for all damages caused to Ms. Grace that exceed the coverage limits of Mr. Portuondo's

---

[22] 969 F.2d 160, 164 (5th Cir. 1992).
[23] *Id.*
[24] R. Doc. 7-2 at 6.

4

automobile liability insurance coverage,"[25] and Portuondo knew the coverage limit of his policy was $100,000, he could "infer from the face of the petition" that the amount-in-controversy requirement was met.[26] As a result, Plaintiff argues the thirty-day time period for Portuondo to remove the case began on September 14, 2018, the date Portuondo was served.

In *Chapman*, the Fifth Circuit adopted a "bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount."[27] In this case, the state court petition contains no allegation that damages are in excess of $75,000.[28] Applying *Chapman*'s bright line rule to this case, the Court finds the thirty-day time period for removal did not begin on the date Portuondo was served.

The Court turns to whether the Notice of Removal was timely because it was filed within 30 days of Portuondo's receipt of an "other paper from which it [could] first be ascertained" the case was removable under § 1446(b).[29] In the Notice of Removal, Portuondo argues the "first paper" he received alleging the amount-in-controversy exceeded $75,000 was Plaintiff's response, on December 6, 2018, to his request for admission.[30] Plaintiff does not argue that any other filing or paper Portuondo received after he was served on September 14, 2018 and before December 6, 2018 could serve as the "other paper." A plaintiff's denial of a request for admission that her claim does not

---

[25] R. Doc. 1-2 at 1, ¶ 4.
[26] R. Doc. 7-2 at 8–9.
[27] 969 F.2d at 163.
[28] Louisiana law does not permit a plaintiff to allege a specific monetary amount of damages, but a plaintiff may include a "general allegation that the claim exceeds or is less than the requisite amount" for jurisdictional purposes. LA. CODE CIV. PROC. art. 893.
[29] 28 U.S.C. §§ 1446(b)(3).
[30] R. Doc. 1 at 5, ¶ 15.

exceed $75,000 in value may be used as evidence that a case is removable.[31] Plaintiff's denial of Portuondo's request for admission was a paper from which it could be ascertained the case was removable. Because Portuondo removed this case on January 4, 2019, less than thirty days after he received the "other paper" on December 6, 2018, his removal of this case was timely.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Victoria Grace's motion to remand be and hereby is **DENIED**.[32]

**New Orleans, Louisiana, this 11th day of March, 2019.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[31] *See, e.g., Cook v. Wabash Nat. Trailer Centers, Inc.*, No. CIV.A. 03-0955, 2003 WL 21488125, at *2 (E.D. La. June 20, 2003) (Porteous, J.).
[32] R. Doc. 7.